IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEN JOHNSON, | § | |
| TDCJ-CID NO. 1233670, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-10-0075 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Ben Johnson filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry No. 1) challenging the enhancement of his state court sentence by two prior felonies.  Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support (Docket Entry No. 9), which argues that Johnson's petition is successive and time-barred.  Johnson responded to the motion on March 30, 2010. For the reasons stated below, the court will grant Thaler's motion and deny Johnson's petition for a writ of habeas corpus.

**I.  Procedural History and Claims**

**A.  Procedural History**

Although Johnson challenges a 1988 conviction, his petition relates also to two subsequent sentence enhancements for which he has previously filed habeas petitions.

1.   <u>First Conviction</u>

Johnson entered a plea of guilty to burglary of a building with intent to commit theft, and was sentenced to ten years' imprisonment by the 339th District Court of Harris County, Texas, on March 24, 1988.[1]

On May 29, 2008, Johnson filed an application for a state writ of habeas corpus challenging his conviction.[2]  The Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing on December 16, 2009.[3]

2.   <u>Second Conviction</u>

Johnson was indicted for the felony of possession of a controlled substance on June 29, 1994, and entered a plea of not guilty.[4]  His case was tried before a jury in the 230th District

---

[1]Judgment on Plea of Guilty or Nolo Contendere Before Court Waiver of Jury Trial in Cause No. 497465, <u>The State of Texas v. Ben Johnson</u>, State Habeas Record WR-10,347-09, Docket Entry No. 8, ("SHCR")-09 110-111.  "SHCR" refers to Johnson's state applications for writs of habeas corpus contained within Docket Entry No. 8. The first set of numbers refers to the last two digits of the Case Number on the petition.  The last set of numbers refers to the page number within that case.

[2]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, State Habeas Record WR-10,347-09, Docket Entry No. 8, SHCR-09 2.

[3]Application for 11.07 Writ of Habeas Corpus, Action Taken, State Habeas Record WR-10,347-09, Docket Entry No. 8, SHCR-09 cover.

[4]Indictment in Cause No. 9413442, <u>The State of Texas v. Benjamin Johnson</u>, attached to Clerk's Record, Docket Entry No. 8, SHCR-06 36-37; Judgment on Jury Verdict of Guilty - Punishment Fixed by Court or Jury, Cause No. 9413442, <u>The State of Texas v. Ben</u>
(continued...)

Court of Harris County, Texas.[5]   On October 14, 1994, the jury found Johnson guilty and sentenced him to twenty-five years in prison.[6]  His sentence was enhanced by his 1988 conviction and one other felony.[7]

Johnson appealed his conviction.   The Fourteenth Court of Appeals of Texas affirmed the conviction on May 1, 1997.[8]  Johnson did not file a Petition for Discretionary Review ("PDR").[9]   On February 20, 1996, Johnson filed an application for a state writ of habeas corpus challenging his 1994 conviction.[10]  On July 31, 1996, the Texas Court of Criminal Appeals dismissed the petition for want

---

[4](...continued)
Johnson, Jr., attached to Clerk's Record, Docket Entry No. 8, SHCR-06 43.

[5]Judgment on Jury Verdict of Guilty - Punishment Fixed by Court or Jury, Cause No. 9413442, The State of Texas v. Ben Johnson, Jr., attached to Clerk's Record, Docket Entry No. 8, SHCR-06 43.

[6]Indictment in Cause No. 9413442, The State of Texas v. Benjamin Johnson, attached to Clerk's Record, Docket Entry No. 8, SHCR-06 36; Judgment on Jury Verdict of Guilty - Punishment Fixed by Court or Jury, Cause No. 9413442, The State of Texas v. Ben Johnson, Jr., attached to Clerk's Record, Docket Entry No. 8, SHCR-06 43-44.

[7]Id.

[8]Johnson v. State, No. 14-95-00012-CR (Tex. App. -- Houston [14th Dist.] 1997), included in State Court Records, Docket Entry No. 8, SHCR-06 33.

[9]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, State Habeas Record WR-10,347-06, Docket Entry No. 8, SHCR-06 4.

[10]Letter to Applicant, State Habeas Record WR-10,347-03, Docket Entry No. 8, SHCR-03 8.

of jurisdiction because his appeal was pending.[11]  Johnson filed a second application for state writ of habeas corpus challenging his 1994 conviction on September 11, 1997.  On May 27, 1998, the Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court without a hearing.[12]  Johnson filed a third application for state writ of habeas corpus challenging his 1994 conviction on June 19, 2008.  The Texas Court of Criminal Appeals dismissed the petition as a subsequent application on October 1, 2008.[13]

Johnson filed an application for a federal writ of habeas corpus challenging his 1994 conviction in the United States District Court for the Southern District of Texas.  The petition was denied on the merits.[14]  Johnson appealed, and the United States Court of Appeals for the Fifth Circuit dismissed the appeal on December 14, 1999.[15]

3.   Third Conviction

On October 9, 2003, Johnson was indicted for the felony of aggravated robbery.[16]  Johnson entered a plea of not guilty, and his

---

[11]Application for Writ of Habeas Corpus, Action Taken, State Habeas Record WR-10,347-03, Docket Entry No. 8, SHCR-03 cover.

[12]Application for 11.07 Writ of Habeas Corpus, Action Taken, State Habeas Record WR-10,347-04, Docket Entry No. 8, SHCR-04 cover.

[13]Application for 11.07 Writ of Habeas Corpus, Action Taken, State Habeas Record WR-10,347-06, Docket Entry No. 8, SHCR-06 cover.

[14]Johnson v. Johnson, No. H-98-2458 (S.D. Tex. 1999).

[15]Johnson v. Johnson, No. 99-20896 (5th Cir. 1999).

[16]Indictment in Cause No. 960471, The State of Texas v. Ben Johnson, attached to Clerk's Record, Docket Entry No. 8, SHCR-05 92-93.

-4-

case was tried before a jury in the 232nd District Court of Harris County, Texas.[17]  On April 23, 2004, the jury found Johnson guilty and sentenced him to fifty years in prison.[18]  His sentence was enhanced by his 1988 and 1994 felony convictions.[19]

Johnson appealed his conviction.  The Fourteenth Court of Appeals of Texas affirmed the conviction on November 15, 2005.[20] Johnson filed a PDR, which was refused on April 5, 2006.[21]  On June 23, 2006, Johnson filed an application for a state writ of habeas corpus challenging his 2004 conviction.[22]  On August 30, 2006, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.[23]

Johnson filed an application for a federal writ of habeas corpus challenging his 2004 conviction in the United States

---

[17]Judgment on Plea Before Jury, Court/Jury Assessing Punishment, Cause No. 960471, The State of Texas v. Ben Johnson, attached to Clerk's Record, Docket Entry No. 8, SHCR-05 99-100.

[18]Id.

[19]Id.

[20]Johnson v. State, No. 14-04-00406-CR (Tex. App. -- Houston [14th Dist.] 2005), included in State Court Records, Docket Entry No. 8, SHCR-05 77-91.

[21]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, State Habeas Record WR-10,347-05, Docket Entry No. 8, SHCR-05 3.

[22]Letter to Applicant, State Habeas Record WR-10,347-05, Docket Entry No. 8, SHCR-05 61.

[23]Application for 11.07 Writ of Habeas Corpus, Action Taken, State Habeas Record WR-10,347-05, Docket Entry No. 8, SHCR-05 cover.

District Court for the Southern District of Texas.   The petition was denied with prejudice.[24]   On May 2, 2008, the United States Court of Appeals for the Fifth Circuit denied a Certificate of Appealability ("COA").[25]

### 4.   Instant Petition for a Writ of Habeas Corpus

On January 5, 2010, Johnson filed the instant federal petition for a writ of habeas corpus challenging the enhancement of his 1994 sentence by his 1988 conviction and the enhancement of his 2004 sentence by his 1988 and 1994 convictions (Docket Entry No. 1).[26]

## B.   Petitioner's Claims

Johnson has asserted three claims in support of his habeas petition.   These claims are:

(1)  His 1994 conviction and sentence were improperly enhanced by an invalid prior conviction in 1988.

(2)  His 2004 conviction and sentence were improperly enhanced by an invalid prior conviction in 1988.

(3)  Multiple challenges to his 1988 conviction:

  (a)  His right to counsel was constructively denied for his 1988 conviction because counsel was appointed after plea negotiations had been conducted with the prosecutor.

  (b)  His 1988 counsel was ineffective for:

---

[24]Johnson v. Quarterman, No. H-06-2912 (S.D. Tex. 2007).

[25]Johnson v. Quarterman, No. 07-20579 (5th Cir. 2008).

[26]Although the Petition was filed on January 6, 2010, Johnson signed it on January 5, 2010.

          (i)    failing to investigate;

          (ii)   failing to discuss applicable law with client;

          (iii) failing to advise client.

      (c)   His 1988 guilty plea was unknowing and involuntary.

      (d)   His 1988 right to trial by jury was denied.

      (e)   His 1988 right to ten days' preparation for trial was denied.

Respondent argues that he is entitled to summary judgment on Johnson's claims because Johnson's habeas petition is successive pursuant to 28 U.S.C. § 2244(b)(2) and is time-barred pursuant to 28 U.S.C. § 2244(d).

## II.  __Standard of Review__

### A.  Summary Judgment

A court should grant summary judgment when the pleadings and parties' submissions demonstrate that there is no genuine dispute regarding any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).

The party moving for summary judgment bears the initial burden of demonstrating the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2553 (1986).  Once the movant has met this burden, the

non-movant must establish that there is a genuine issue for trial. See Anderson, 106 S.Ct. at 2511. If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. Fed. R. Civ. P. 56(c).

**B.   Presumptions Applied in Habeas Cases**

When considering a summary judgment motion the court usually resolves any doubts and draws any inferences in favor of the nonmoving party.  Anderson, 106 S.Ct. at 2513.  However, the amendments to 28 U.S.C. § 2254 contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") change the way in which courts consider summary judgment motions in habeas cases.

In a habeas proceeding 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are presumed correct.  This statute overrides the ordinary summary judgment rule.  Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S.Ct. 2562 (2004)).  Similarly, the necessary "unarticulated findings" of a state court's conclusions arrived at through mixed law and fact are presumed correct.  Williams v. Quarterman, 551 F.3d 352, 358 (5th Cir. 2008) (quoting Valdez v. Cockrell, 274 F.3d 941, 948 n.11 (5th Cir. 2001)).  Therefore, a court will accept findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence. Smith, 311 F.3d at 668.

-8-

The provisions of section 2254(d) set forth a deferential evaluation of state-court rulings.  <u>Lindh v. Murphy</u>, 117 S.Ct. 2059, 2066 n.7 (1997).  A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d) (2006).

A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1519-20 (2000).  If a state court correctly identifies the governing legal principle, but applies the principle in an unreasonable manner to the facts of the case, the decision is an unreasonable application of clearly established federal law.  <u>Id.</u> at 1523.

### III.  <u>Statute of Limitations</u>

Respondent argues that Johnson's petition is barred by the statute of limitations established in 28 U.S.C. § 2244(d)(1).

**A.    Applicable Law**

The AEDPA amended the federal habeas statutes.  See 28 U.S.C. § 2253; see generally Lindh, 117 S.Ct. at 2061.   The AEDPA establishes a statute of limitations for filing federal habeas petitions, codified in 28 U.S.C. § 2244(d)(1):

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1) (2009).

A petitioner who files an application for a writ of habeas corpus  challenging a conviction that became final prior to the AEDPA effective date of April 24, 1996, must be accorded one year from the effective date to petition for habeas corpus relief.  See United States v. Flores, 135 F.3d 1000, 1004-06 (5th Cir. 1998).

-10-

The AEDPA's limitations period can be tolled statutorily by a properly filed application for state post-conviction review:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.  28 U.S.C. § 2244(d)(2) (2009).

## B.    Application of § 2244(d) to Johnson's Petition

28 U.S.C. § 2254(a) authorizes applications for federal writs of habeas corpus by petitioners "in custody" pursuant to a state court judgment.   A petitioner is no longer "in custody" for a conviction once the sentence for that conviction has expired.  <u>See Maleng v. Cook</u>, 109 S.Ct. 1923, 1925-26.  However, a petitioner is permitted to challenge an expired prior conviction if that conviction was used to enhance a subsequent sentence.  <u>See Allen v. Collins</u>, 924 F.2d 88, 89 (5th Cir. 1991).

Johnson's March 24, 1988, sentence of ten years, with two days time credited, expired on March 22, 1998.[27]  Pursuant to 28 U.S.C. § 2254(a) Johnson is no longer in custody for his 1988 conviction. Johnson may challenge his 1988 conviction, however, because it was subsequently used to enhance his 1994 and 2004 sentences, neither of which has expired.

Because Johnson's federal habeas petition was filed on January 5, 2010, it is subject to the AEDPA.   Respondent argues

---

[27]Judgment on Plea of Guilty or Nolo Contendere Before Court Waiver of Jury Trial in Cause No. 497465, <u>The State of Texas v. Ben Johnson</u>, State Habeas Record WR-10,347-09, Docket Entry No. 8, SHCR-09 110-11.

that the date of Johnson's 2004 conviction and sentencing is the controlling date. While Respondent is correct, application of 28 U.S.C. § 2244(d) to Johnson's federal habeas petition requires separate analyses of his challenge of (1) the 1988 conviction and sentence, (2) the 1994 sentence enhancement, and (3) the 2004 sentence enhancement.

    1.   <u>Johnson's 1988 Conviction and Sentence</u>

Johnson entered a plea of guilty on March 24, 1988, and did not appeal within the statutory period under Texas law. In Texas if a criminal defendant wishes to appeal a decision of a trial court he must file an appeal within thirty days after the day the trial court's judgment was rendered or after the day the trial court entered an appealable order. TEX. R. APP. P. 26.2(a). The period for filing an appeal is extended to the next working day if the last day falls on a Saturday, Sunday, or holiday. TEX. R. APP. P. 4.1(a). The conviction therefore became final on April 25, 1988. <u>See</u> <u>Butler v. Cain</u>, 533 F.3d 314, 317 (5th Cir. 2008) (<u>citing</u> <u>Roberts v. Cockrell</u>, 319 F.3d 690, 693 (5th Cir. 2003) (conviction becomes final when time for review has expired), <u>citing</u> 28 U.S.C. 2244(d)(1)(A)).

Since the conviction became final prior to the AEDPA effective date of April 24, 1996, the limitations period for filing an application for a writ of habeas corpus began on April 24, 1996, and expired one year later on April 24, 1997. <u>See</u> <u>Flores</u>, 135 F.3d

-12-

at 1004-06. Johnson filed a federal application for a writ of habeas corpus on January 5, 2010, more than twelve years past the period of limitations. The court concludes that Johnson's federal petition for a writ of habeas corpus pertaining to his 1988 conviction and sentence is time-barred under 28 U.S.C. § 2244(d)(1)(A).

2.   Johnson's 1994 Conviction and Sentence

Because Johnson is time-barred from challenging his 1988 conviction and sentence, he relies on his 1994 and 2004 convictions and sentences in his federal habeas petition. Respondent argues that § 2244(d)(1)(A) is the relevant provision for this action because the provisions in subsections (B), (C), and (D) are not applicable. Section 2244(d)(1)(B) applies where state action has impeded the petitioner's ability to file an application for habeas relief. Johnson has not suggested that state action created an impediment to his filing a habeas petition. The court concludes that § 2244(d)(1)(B) is not applicable. Section 2244(d)(1)(C) applies where the petitioner's claim is based on a constitutional right newly recognized by the United States Supreme Court, or on a right that the Supreme Court has made retroactively applicable to cases on collateral review. Because Johnson has not alleged that any such right has been violated, the court concludes that § 2244(d)(1)(C) is not applicable. Section 2244(d)(1)(D) applies only where the factual predicate of the claim or claims presented

-13-

could not have been discovered through the exercise of due
diligence until after the judgment became final.  Since all of the
facts upon which Johnson bases his claims were available to him
prior to the May 1, 1997, decision of the Fourteenth Court of
Appeals, the court concludes that § 2244(d)(1)(D) is not
applicable.  Therefore, the relevant limitation period in this
action is determined by § 2244(d)(1)(A), which provides that the
one-year period of limitation shall run from "the date on which the
judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review."

Johnson's judgment and sentence were affirmed on appeal on
May 1, 1997.[28]  Pursuant to TEX. R. APP. P. 68.2(a), if Johnson
wished to appeal the decision, he was required to file a PDR to the
Texas Court of Criminal Appeals within 30 days after the day the
court of appeals' judgment was rendered or the day the last timely
motion for rehearing was overruled by the court of appeals.  See
TEX. R. APP. P. 68.2(a).  No evidence showing that Johnson filed a
PDR has been produced.  Since the Fourteenth Court of Appeals
rendered final judgment on May 1, 1997, and Johnson did not file a
PDR within the 30-day limit, the judgment against him became final
30 days later.  See Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th
Cir. 2003) (holding in a habeas case involving a Texas defendant

---

[28]Johnson v. State, No. 14-95-00012-CR (Tex. App. -- Houston [14th
Dist.] 1997), included in State Court Records, Docket Entry No. 8.

that the one-year limitations period for § 2244(d)(1)(A) began to run when the thirty-day period for filing a PDR ended). Since May 31, 1997, fell on a Saturday, the judgment became final on Monday, June 2, 1997. See TEX. R. APP. P. 4.1(a). Thus, the period of limitations began to run on June 2, 1997, and expired on June 2, 1998, absent statutory tolling.

Statutory tolling is relevant in this action. 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." A petition for state habeas relief is "pending" during the time period extending from (1) "the time a lower state court reaches an adverse decision" to (2) "the day the prisoner timely files an appeal." Evans v. Chavis, 126 S.Ct. 846, 849 (2006) (citing Carey v. Saffold, 122 S.Ct. 2134, 2137-39 (2002)). Johnson filed a petition for state habeas relief on September 11, 1997, 264 days before the expiration of the one-year limitations period. The state petition was denied on May 27, 1998. Accordingly, Johnson's limitations period was extended by the 258 days during which the petition was pending, or until March 15, 1999.[29]

---

[29]Johnson's third habeas petition, which was filed on June 19, 2008, did not statutorily toll the one-year limitations period because that period had expired long before Johnson filed his third petition.

Since Johnson filed the instant action on January 5, 2010, he clearly filed it after the expiration of the limitations period under § 2244(d)(1)(A). Johnson's petition challenging his 1994 conviction is therefore time-barred.

### 3.   <u>Johnson's 2004 Conviction and Sentence</u>

Respondent argues that the limitations period for Johnson's federal habeas petition concerning his 2004 conviction expired on August 30, 2007, under 28 U.S.C. § 2244(d)(1)(A), and that Johnson's petition, which was filed more than two years later, on January 5, 2010, is time-barred.[30] The court again concludes that the relevant limitation period in this action is determined by § 2244(d)(1)(A), and that subsections (B), (C), and (D) are not applicable.

Johnson's judgment and sentence were affirmed on direct appeal on November 15, 2005.[31] Pursuant to Tex. R. App. P. 68.2(a) Johnson's 30-day period of limitations for filing an appeal ended on December 15, 2005. Respondent has produced evidence showing that Johnson filed a PDR on December 15, 2005, and that the Texas Court of Criminal Appeals refused Johnson's petition on April 5, 2006. The limitation period for Johnson to file his habeas

---

[30]Respondent's Motion for Summary Judgment with Brief in Support, Docket Entry No. 9, pp. 7-8.

[31]<u>Johnson v. State</u>, No. 14-04-00406-CR (Tex. App. -- Houston [14th Dist.] 2005), included in State Court Records, Docket Entry No. 8, SHCR-05 77-91.

petition began on the date his judgment became final pursuant to 28 U.S.C. § 2244(d)(1)(A).  The Texas Court of Criminal Appeals refused Johnson's PDR on April 5, 2006.  Following a refusal of discretionary review, Johnson had ninety days to file a petition for a writ of certiorari with the United States Supreme Court.  See 28 U.S.C. § 2101(d) (2006) (citing Sup. Ct. R. 13.1 (2007)); see also Flanagan, 154 F.3d at 197 (citing Caspari v. Bohlen, 114 S.Ct. 948, 953 (1994)).  Because Johnson did not file a petition for a writ of certiorari, the limitations period began to run on July 4, 2006.  The period for filing a petition for a writ of certiorari is extended to the next working day if the last day falls on a Saturday, Sunday, or federal legal holiday, as determined by 5 U.S.C. § 6103(a).  Sup. Ct. R. 30 (2007) (citing 5 U.S.C. § 6103(a)).  Therefore, the limitations period began on July 5, 2006, and expired on July 5, 2007.

As explained supra, statutory tolling is also relevant in this action.  See 28 U.S.C. § 2244(d)(2); see also Evans, 126 S.Ct. at 849 (citing Carey, 122 S.Ct. at 2137-39).  Johnson filed a petition for state habeas relief on June 26, 2006, prior to the expiration of the one-year limitations period.  The state petition was denied 65 days later on August 30, 2006.  Accordingly, Johnson's limitation period was extended by 65 days, or to September 10, 2007.[32]

---

[32]The 65-day extension for statutory tolling fell on Saturday, September 8, 2007, and was therefore further extended to the first subsequent work day.

Because Johnson filed this action on January 5, 2010, he filed it after the expiration of the limitations period under § 2244(d)(1)(A).  Therefore, Johnson's petition challenging his 2004 conviction is time-barred.

## C.   Equitable Tolling is Not Applicable

Although Johnson has not argued that equitable tolling should apply in this action, in consideration of Johnson's status as a pro se litigant the court will consider whether it could apply. The Fifth Circuit has held that the AEDPA statute of limitations may be subject to equitable tolling.  United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008).  Equitable tolling is permitted only "in rare and exceptional circumstances."  Id. (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)); see also Minter v. Beck, 230 F.3d 663, 666-67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where -- due to circumstances external to the party's own conduct -- it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).  A habeas petitioner bears the burden of establishing that equitable tolling is appropriate.  See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam).  In order to satisfy his burden Johnson must show "(1) that he has been pursuing his rights

-18-

diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his habeas petition.  <u>Lawrence v. Florida</u>, 127 S.Ct. 1079, 1085 (2007).

Johnson has not demonstrated that he has pursued his rights diligently or that extraordinary circumstances prevented him from doing so.  Although Johnson has a record of filing state habeas applications concerning his 1988, 1994, and 2004 convictions and sentences, he waited over three years after the dismissal of his last state habeas application to file the instant federal habeas application.  Such delays do not indicate the diligent pursuit of his rights.  Nor has Johnson pointed to any extraordinary circumstances that prevented him from timely filing his petition. In the absence of evidence of such circumstances, the court concludes that equitable tolling is not appropriate in this action.

**D.    Conclusion**

Because Johnson's claims are barred by limitations, the court will grant Respondent's Motion for Summary Judgment.[33]

## IV.   <u>Certificate of Appealability</u>

Although Johnson has not yet requested a COA, the court may deny a COA <u>sua sponte</u>.  <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898

---

[33]Respondent also argues that he is entitled to summary judgment because Johnson's federal petition is successive.  Because the court concludes that Johnson's federal petition is time-barred, it is not necessary to address this argument.

-19-

(5th Cir. 2000).  To obtain a COA for claims denied on the merits Johnson must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); see also Tennard, 542 U.S. at 282.  To make such a showing Johnson must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. Id.  When the court denies relief based on procedural grounds and does not reach the petitioner's underlying constitutional claim, the petitioner must show that "jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right" and that they "would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000).  Johnson has not made a substantial showing of the denial of a constitutional right, nor has he shown that a jurist of reason would debate whether the procedural rulings in this case are correct.  Accordingly, a Certificate of Appealability will not issue in this case.

### V.  Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Respondent Thaler's Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED**.

-20-

2.    Johnson's Petition for a Writ of Habeas Corpus by a
      Person  in  State  Custody  (Docket  Entry  No.  1)  is
      **DENIED**.

**SIGNED** at Houston, Texas, on this 7th day of June, 2010.

                                        _____
                                              SIM LAKE
                                        UNITED STATES DISTRICT JUDGE